IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN HENRY PACE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. C-06-231 |
| | § | |
| AMERICAN INTERNATIONAL GROUP, INC., | § | |
| d/b/a "AIG," | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER OF REMAND

On this day came on to be considered Plaintiff's Motion to Remand (D.E. 9). For the reasons stated herein, the Court GRANTS the Motion. The action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 94th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 06-2150-A.

### I.  Jurisdiction

Granite State Insurance Company ("GSIC") alleges that the Court has diversity jurisdiction over the action pursuant to 28 U.S.C. 1332(a), as well as bankruptcy "related to" jurisdiction pursuant to 28 U.S.C. § 1334(b).[1]

### II.  Factual and Procedural Background

On March 22, 2002, the 94th Judicial District Court of Nueces County entered a Final Judgment which provides "[a]fter due deliberation the jury returned a compensatory verdict on February 22, 2002 for [Plaintiff] John Henry Pace [against the Synkoloid Company] totaling $2,025,000.00." (Pl.'s Pet. Ex. A.) Subsequently, on May 9, 2002, Plaintiff settled the action with

---

[1] 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

Synkoloid Company and executed a document titled "Memorandum of Understanding" ("Settlement Agreement"). (Pl.'s Pet. Ex. B.) The Settlement Agreement provides in pertinent part:

> [T]he Plaintiff in the Litigation shall receive the amount of $725,000 . . . in the following form – (i) on or before June 7, 2002, . . . $432,970.00 (59.72%) shall be paid in cash by AIG; (ii) $197,707.50 (27.27%) shall be paid in cash by ARTRA Group Inc., . . . and (iii) Kemper Insurance Company shall pay $94,322.50 (13.01%) . . . .

(Pl.'s Pet. Ex. B ¶ 2.) According to Plaintiff, Defendant American International Group, Inc., d/b/a "AIG" has "made no payments to Plaintiff although it agreed to do so unconditionally under the Settlement Agreement." (Pl.'s Pet. ¶ 11.) Based on these allegations, Plaintiff initiated a breach of contract action against Defendant American International Group, Inc. in state court on April 27, 2006. (Id. ¶ 1; see also Notice of Removal Ex. A.)

On June 2, 2006, GSIC, a non-party to the state court action, removed the action to this Court. GSIC maintains that it is the proper defendant in the action and it has been "incorrectly identified as American International Group, Inc., d/b/a AIG." (Notice of Removal at 1.)

### III.   Discussion

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of showing that "removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). To determine whether removal was proper, the Court should "consider the claims in the state court petition as they existed at the time of removal." Id. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

The Fifth Circuit has noted "[c]ommon sense and the practicalities of pleading dictate that

no non-party to a state court proceeding has a mature right to remove that proceeding to federal court." Fed. Deposit Ins. Corp. v. Loyd, 955 F.2d 316, 326 (5th Cir. 1992).  An entity "will not be considered to be a party until it has made an appearance in the state court suit."  T.H. Inc. v. 6218 Investors, 41 F.3d 235, 237 (5th Cir. 1995).  The Fifth Circuit has further explained:

> [I]t is clear that limiting the availability of the right to remove a case to the parties in that case accords with the general principles of removal.  We cannot imagine that a private person who was not a party to the state court action could nevertheless remove the case to federal court.  There is nothing in the removal statutes to suggest such an indiscriminate right.

Loyd, 955 F.2d at 326; see also Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000) ("We read § 1446(b) . . . as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal . . . .").

In this case, GSIC is not a party to this action as it has not been named or joined as a party in the action.  As his state court Petition reveals, Plaintiff asserts a breach of contract claim against Defendant American International Group, Inc., d/b/a "AIG" pursuant to a Settlement Agreement executed by a representative of Defendant AIG. (Pl.'s Pet. ¶ 3; see also Pl.'s Pet. Ex. B.)  The record further shows that Martin J. Sullivan, the President of Defendant American International Group, Inc., was served with service of process on May 11, 2006. (Notice of Removal Ex. B-2.)  The record does not indicate that GSIC was a named party in the state court proceeding or that it intervened in the state court proceeding prior to the June 2, 2006 removal.  Aside from its conclusory allegation that it has been incorrectly identified as American International Group, Inc., d/b/a "AIG," GSIC has presented no arguments or provided any evidence showing that it made an appearance in the state court action or that it was a party to the state court action.  Moreover, the record does not show that Defendant American International Group, Inc., d/b/a "AIG" and GSIC are the same entity or are

related entities. Accordingly, the Court concludes that GSIC, a non-party, does not have a mature right to remove the action to this Court.

**IV.	Conclusion**

For the reasons stated, the Court GRANTS Plaintiff's Motion to Remand (D.E. 9). The action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 94th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 06-2150-A.

SIGNED and ENTERED this 29th day of June, 2006.

_____
Janis Graham Jack
United States District Judge